**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: Geraldine Bernadin | : | CHAPTER 13 |
| | : | |
| Debtor | : | BANKRUPTCY NO.18-12717elf |
| | | |
| Geraldine Bernadin | : | |
| Debtor | : | Adv. # 18-      elf |
| v. | : | |
| | | |
| U.S. Bank National Association | : | |
| as Trustee, Successor in Interest | : | |
| Wachovia Bank National Association | : | |
| As Trustee for Merrill Lynch | : | |
| Investors Trust, Mortgage Loan | : | |
| Asset Backed Certificates, Series | : | |
| 2005-A6 | : | |
| c/o Ocwen Loan Servicing, LLC | : | |
| P.O. Box 840 | : | |
| Buffalo, NY 14240-0840 | : | |
| | | |
| and | : | |
| | | |
| Ocwen Loan Servicing, LLC | : | |
| 1661 Worthington Road | | |
| Suite 100 | : | |
| West Palm Beach, Fl 33409 | : | |
| | | |
| and | : | |
| | | |
| Phelan Hallinan Diamond & | : | |
| Jones, LLP | : | |
| 1617 JFK Blvd, Suite 1400 | : | |
| Philadelphia, PA 19103 | : | |

**COMPLAINT OBJECTING TO PROOF OF CLAIM OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, CLAIM # 4-1; TO DETERMINE EXTENT AND VALIDITY OF LIEN; TO DETERMINE CLAIMS OF DEBTOR AGAINST U.S. BANK NATIONAL; SEEKING AVOIDANCE OF LIEN PURSUANT TO 11 U.S.C. 506(a) AND §506(d)AND SEEKING DAMAGES AGAINST DEBT COLLECTOR DEFENDANTS OCWEN AND PHELAN HALLINAN DIAMOND AND JONES**

**INTRODUCTION**

1. The instant Complaint is filed by the debtor Geraldine Bernadin ("Debtor" or "Ms Bernadin") pursuant to Bankruptcy Rules 3007(b) and 7001 and pursuant to 11 U.S.

§§502(b)(1) to object to the proof of claim of U.S. Bank National Association as Trustee, Successor in Interest Wachovia Bank National Association As Trustee for Merrill Lynch Investors Trust, Mortgage Loan Asset Backed Certificates, Series 2005-A6 c/o Ocwen Loan Servicing, LLC("U.S. Bank"),to determine the extent and validity of any putative lien asserted by U.S. Bank in its proof of claim, claim No. 4-1, and, pursuant to 11 U.S.C. §506(a)and (d) and to determine the extent to which any allowed claim which U.S. Bank can establish is an allowed secured claim and the extent to which any lien it is determined to have does not secure an allowed secured claim and is void pursuant to 11 U.S.C. §506(d).  In this complaint Debtor also seeks affirmative damages, punitive damages, costs and attorneys fees pursuant to both the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("CPL") and the Federal Fair Debt Collection Practices Act against U.S. Bank, Ocwen Loan Servicing LLC and Phelan Hallinan Diamond and Jones, LLP for filling a proof of claim that ignores the judgment in mortgage foreclosure that was entered on the mortgage upon which U.S. Bank's proof of claim is based. Finally, Debtor seeks a determination, pursuant to 11 U.S.C. §506(d), that any lien held by U.S. Bank is void to the extent it does not secure an "allowed secured claim" within the meaning of 11 U.S.C. §506(a).

## **JURISDICTION**

2. Jurisdiction over Plaintiff's amended complaint objecting to the proof of claim of U.S. Bank is conferred upon this court by 28 U.S.C. §§1334 and 157(a).  This adversary action is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2),(A) (B) (C), (K), and (O).

3. Debtor consents to the bankruptcy court entering a final determination of this matter.

## **PARTIES**

4. Geraldine Bernadin, the plaintiff herein, is a natural person and the debtor in the above captioned voluntary chapter 13 proceeding.

5. Defendant U.S. Bank is a federally chartered bank acting in its capacity as a trustee through Ocwen Loan Servicing, LLC who filed a proof of claim for Defendant.  The address provided for U.S. Bank is the address provided for Ocwen Loan Servicing, LLC and is the address where notices regarding the proof of claim are to be sent, according to the proof of claim.

6. At all times relevant hereto, U.S. Bank, to the extent it is not the holder of the Note and mortgage upon which its proof of claim is based, is a debt collector within the meaning of the Fair Debt Collection Practices Act 15 U.S.C. §1692 et seq.

7. U.S. Bank's Corporate Headquarters is located at 425 Walnut Street, Cincinnati, OH 45202.

8. Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a limited liability Company with its principal place of business at 1661 Worthington Road, Suite 100, West Palm Beach, Fl 33409.

9. Defendant Phelan Hallinan Diamond and Jones, LLP ("Phelan Hallinan") is a Pennsylvania Limited Liability Partnership with its principal Place of Business at 1617 JFK Boulevard, Suite 1400, Philadelphia, PA 19103.

## **FACTS**

10. U.S. Bank has filed a proof of claim, Claim # 4-1 in the above captioned bankruptcy case asserting a secured claim against Debtor in the amount of $$192,536.07, secured by a lien on Debtor's home located at 1205 Stirling Street, Philadelphia, PA 19111 ("Debtor's Home" or "The Property"). A copy of the proof of claim and the attachments thereto are attached hereto as "Exhibits A and B." U.S. Bank bases its claim on a note which is attached as an exhibit to the proof of claim and a mortgage, also attached as an exhibit to the proof of claim. See "Exhibit B" attached hereto.

11. The proof of claim was filed by U.S. Bank through its debt collectors Ocwen and Phelan Hallinan.

12. Debtor is an owner of a 49% interest in The Property as a tenant in common with Daunoun Dubuisson, a\k\a

Daudouin Dubuisson ("Daudouin") and Nativita Dubuisson Gregory ("Nativita"). Nativita's interest in the Property is 2%.

13. The mortgage, dated May 31, 2005, is in favor of Mortgage Electronic Registration System "as nominee for Lender and Lender's successors and assigns." "Lender" is identified in the Mortgage as "GreenPoint Mortgage Funding, Inc.

14. A copy of a note is attached to the proof of claim in favor of "GreenPoint Mortgage Funding,Inc." ("GreenPoint") dated May 31, 2005. ("the Note")

15. Debtor is not a maker of the Note and is not personally liable on the Note. Only Daudouin and Natvita signed the Note.

16. The Note is negotiated from GreenPoint to Wachovia Bank National Association as Trustee("Wachovia").

17. There is a subsequent endorsement in blank by "U.S. Bank National Association, as Trustee, Successor in interest to Wachovia Bank National Association as Trustee ... by its attorney in fact Ocwen Loan Servicing LLC."

18. The Note attached to the proof of claim contains no endorsement by Wachovia in blank or from Wachovia to U.S. Bank.

19. Upon information and belief it is alleged that U.S. Bank is in fact not the successor to Wachovia and that U.S. Bank was not the holder of the Note that had been endorsed to Wachovia

at the time U.S. Bank purported to endorse the Note in blank. It is further alleged that U.S. Bank cannot make itself the successor in interest to Wachovia by itself endorsing the Note to itself.

20. Upon information and belief it is alleged that Wells Fargo Bank is and was at all times relevant the successor to by merger to Wachovia.

21. Absent an endorsement by Wachovia in blank or a special endorsement by Wachovia negotiating the Note from Wachovia to U.S. Bank, U.S. Bank is not presently the holder of the Note and U.S. Bank has no standing to enforce or to other wise collect it.

22. Upon information and belief it is alleged that U.S. Bank is not in physical possession of the Note.

23. The mortgage upon which U.S. Bank bases its proof of claim, was the basis of an action in mortgage foreclosure filed against Debtor by U.S. Bank in the Philadelphia Court of Common Pleas and captioned *U.S. Bank National Association, as Trustee, successor in interest to Wachovia Bank, National Association as Trustee for Merrill Loan Asset-Backed Certificates, Series 2005-A6 c/o Ocwen Loan Servicing, LLC v Dubuisson, Dubuisson and Bernadin* , CC.P. Phila, February Term 2015, Number 02366. (Hereinafter, "The 2015 Foreclosure").

24. On or about June 16, 2015 U.S. Bank obtained a

6

default judgment against all the defendants in the 2015 Foreclosure in the amount of $161,958.16.

25. Since the entry of the judgment in the 2015 Foreclosure the alleged default on the Note and mortgage has never been treated as cured by the holder or sericer of the mortgage.

26. In its proof of claim, U.S. Bank asserts an alleged total debt claim in the amount of $192,536.97 allegedly based on the Note and mortgage.

27. For the reasons set forth above it is denied U.S. Bank has a valid claim in any amount.

28. However, if U.S. Bank has any claim it must be based on the judgment in mortgage foreclosure which it obtained in 2015 Foreclosure. *In re Stendardo*, 991 F.2d 1089,1094-95,1097 (3d Cir.1993); *In re A & P Diversified Technologies Realty, Inc*.,467 F.3d 337, 343 (3d Cir. 2006) ("Under the merger doctrine, the mortgage and its concomitant attorneys' fees provision ceased to exist when the judgment was entered.")(applying New Jersey law).

29. In the proof of claim U.S. Bank, Ocwen and Phelan Hallinan demand sums totaling approximately $16,130.70 which are prohibited by 41 P.S. §§202 and 501 and 42 Pa. C.S.A. §8101 and by the decision of the Third Circuit Court of appeals in *Stendardo*.

7

30. The total due on the judgment in the 2015 Foreclosure as of April 23, 2018 - when the instant bankruptcy was filed was approximately $161,958.16, plus interest in the amount of $14,448.11 - for a total of $176,406.27 - less any payments made since the judgment.

31. If the proof of claim filed by U.S. Bank is not disallowed entirely, because U.S. Bank has no interest in Debtor's home, it must be found to be overstated by approximately $16,130.70.

32. Defendants by demanding in U.S. Bank's proof of claim more than the holder of the Note and mortgage has a right to receive under applicable state and federal law have each committed an unlawful act or practice as defined in 73. P.S. §201-3 and in 73 P.S. §201-2(4)(xxi) and an unfair and deceptive Act or Practice as defined in 73 P.S. § 2270.4 of the Pennsylvania Fair Credit Extension Uniformity Act.

33. To the extent U.S. Bank's proof of claim is allowed in this inflated amount, Defendants are liable to Debtor in the amount of approximately $48,392.10, or triple that amount by which Debtor will have been damaged by Defendants' unlawful acts, plus attorneys fees and costs. 73 P.S. §201-9.2

34. Defendants are liable to Debtor pursuant to the provisions of the Fair Debt Collection Practices Act. 15 U.S.C. §1692e(2); 1692e(5) and 1692f(1).

35. There are liens on debtor's interest in her home that are superior to the mortgage relied upon by U.S. Bank in the amount of approximately $3,807.96.

36. The value of the Debtor's 49% interest in her home after reduction for liens superior to the lien of U.S. Bank is at most $45,192.04.

37. Pursuant to 11 U.S.C. §506(a), to the extent U.S. Bank is found to be the holder of an allowed claim, the claim cannot under any circumstances be an allowed secured claim, within the meaning of 11 U.S.C. §506(a), 506(d) and 1325(a)(5) in an amount in excess of $45,192.04.

38. The amount of this allowed secured claim must be reduced by any reductions to the claims as set forth above and by the amount of the statutory, punitive and actual damages Debtor may have against U.S. Bank.

39. The mortgage upon which U.S. Bank bases its interest in Debtor's home effectively provides, in paragraph 5, for additional security by effectively creating a lien on escrow funds which do not constitute a security interest in real property that is the debtor's primary residence.

40. Because of this additional security, the claim being pressed by U.S. Bank is not protected by the anti-modification provision of 11 U.S.C. §1322(b)(2). *In re Bradshaw*, 427 B.R. 386 (Bankr. MD. N.C.)

41. In addition, the claim is removed from the coverage of the anti-modification provision of 11 U.S.C. 1322(b)(2) by the provision of 11 U.S. C. §1322(c)(2).

42. For this reason, any lien which U.S. Bank or any other entity may have based on the mortgage upon which U.S. Bank bases its proof of claim, is void as a lien on Debtor's interest in her home to the extent that lien exceeds not more than $45,192.04, pursuant to 11 U.S.C. §506(d) and must be further reduced by any claims and set offs Debtor has against U.S. Bank.

**COUNT I.**
**DISALLOW ENTIRE PROOF OF CLAIM FOR WANT OF STANDING**
**U.S. BANK IS NOT A PARTY WITH AUTHORITY TO ENFORCE THE MORTGAGE UPON WHICH IT BASES ITS PROOF OF CLAIM**

43. Ms. Bernadin incorporates by reference the allegations contained in paragraphs 1 to 42 above.

44. U.S. Bank is not entitled to enforce or to collect the Note under the Pa. U.C.C., because it is not the holder of the Note which it seeks to enforce against Debtor's property.

45. The supporting documentation attached to the proof of claim indicates on its face that there has been no valid special endorsement of the Note to U.S. Bank or any valid endorsement of the note in blank by Wachovia, the last entity to whom the Note was specially endorsed.

46. Upon information and belief Plaintiff alleges U.S. Bank is neither in possession of the Note upon which it bases its claim nor is it the holder of the Note or a right to enforce it.

**WHEREFORE**, Debtor prays this court to disallow U.S. Bank's Proof of Claim, Claim 4-1, for lack of constitutional and prudential standing to assert the claim.

## COUNT II

### IN THE ALTERNATIVE
### DISALLOWANCE OF PROOF OF CLAIM UNDER THE DOCTRINE OF *RES JUDICATA* IN EXCESS OF THE UNPAID BALANCE DUE ON THE 2015 JUDGMENT

47. Ms Bernadin incorporates by reference the allegations contained in paragraphs 1 through 46, *supra*.

48. If U.S. Bank has any interest in the Note and mortgage upon which it bases its claim, it must derive that claim as the party entitled to enforce the default judgment in mortgage foreclosure in The 2015 Foreclosure.

49. This being the case, U.S. Bank is bound by the default judgment in mortgage foreclosure entered in the 2015 Foreclosure.

50. The foreclosure complaint filed in the 2015 Foreclosure asserted the same claims for payment of the same alleged debt that is asserted against Debtor in U.S. Bank's proof of claim.

51. The amount due on the judgement as of the petition date was not greater than approximately $176,406.27.

52. If U.S. Bank can establish itself to be the holder of the judgment entered in the 2015 Foreclosure, U.S. Bank is the holder of an allowed claim in the amount of at most $176,406.27, less the set-offs, counterclaims and other reductions set forth below.

53. If U.S. Bank has any standing to assert a claim based on the judgment entered in The 2015 Foreclosure, it is precluded by the default judgment entered in that case and by the doctrine of *res judicata,* or claim preclusion*,* from asserting a claim against Debtor based on that judgment in excess of the amount of that judgment, less any payments made on account of the judgment, plus all properly accrued interest permitted on the judgment, reduced by the claims and defenses set forth below.

**WHEREFORE**, if the court determines not to disallow the proof of claim of U.S. Bank entirely, Debtor prays this court to disallow the proof of claim of U.S. Bank to the extent it exceeds the unpaid balance of the default judgment entered in The 2015 Foreclosure, less all payments that have been made on the judgment, plus all properly accrued interest on the judgment, and further reduced by the affirmative claims and set offs set forth below.

**COUNT III
AGAINST U.S. BANK
VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER
PROTECTION LAW AND THE FDCPA AND THE FAIR CREDIT EXTENSION
UNIFORMITY ACT AND LIEN AVOIDANCE PURSUANT TO 11 U.S.C. §506(a)
and 506(d)**

54. Debtor incorporates by reference the allegations contained in paragraphs 1-53, *supra,* in particular paragraphs 36-42, *supra*.

55. At all times relevant, U.S. Bank, its predecessors agents and employees, were debt collectors within the meaning of the Fair Debt Collection Practices Act in that it has been engaged in attempting to collect the debt of another and, to the extent it was collecting the debt as a mortgage servicer, the servicing of the debt was transferred to it while the debt was in default.

56. At all times relevant U.S. Bank was either a Creditor or Debt Collector within the meaning of the Pa Fair Credit Uniformity Extension Act.

57. By filing a proof of claim that ignores the default judgment entered in the 2015 Foreclosure, U.S. Bank is attempting to collect a debt in an amount it knew or should have known was not owed and which it cannot collect in violation of

13

the FDCPA, the PA CPL and the Fair Credit extension Uniformity Law.

**WHEREFORE**, in the event the proof of claim is not disallowed entirely, Debtor prays this court:

    a. If U.S. Bank is able to establish it has an interest in Debtor's home it is empowered to collect, disallow the proof of claim filed by Defendant U.S. Bank in any amount in excess of $176,406.27;

    b. Determine this claim to be an allowed secured claim in the amount of $45,192.04 and an allowed unsecured claim to the extent the claim exceeds that amount.

    c. Further reduce the allowed secured claim by an $1,000.00 in statutory damages under the FDCPA, 15 U.S.C. §1692k(a)(2)(A); to not more than $44,192.04.;

    d. Grant the Debtor attorney's fees and costs pursuant to 15 U.S.C. §§1692k(a)(a)(3);

    e. Find that U.S. Bank has violated the Fair Debt Collection Practices Act, and award Debtor actual damages, including out of pocket expenses and physical and emotional damages under 15 U.S.C. §1692k, all to be applied to further reduce the amount of the allowed secured claim.

    f. Award Plaintiff attorney fees pursuant to 41 P.S. §§503 and 504 and pursuant to 15 U.S.C. §§ 1692k and 1693m and 73 P.S. §201-9.2;

       g.    Award Plaintiff triple damages pursuant to 73 P.S. §201-9.2 as a further reduction of any proof of claim;

       h.    Grant such other relief as may be necessary or proper under applicable law.

**COUNT IV –**
**CLAIMS AGAINST OCWEN AND PHELAN HALLINAN**
**VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW AND THE FDCPA AND THE FAIR CREDIT EXTENSION UNIFORMITY ACT**

58. Plaintiff incorporates by reference the allegations contained in paragraphs 1-57 above.

59. At all times relevant Ocwen, its agents and employees were debt collectors within the meaning of the Fair Debt Collection Practices Act in that it has been engaged in attempting to collect the debt of another and, to the extent it was collecting the debt as a mortgage servicer, the servicing of the debt was transferred to it while the debt was in default.

60. At all times relevant Phelan Hallinan its agents and employees were debt collectors within the meaning of the Federal Fair Debt Collection Practices Act engaged in the practice of collecting the debts of another.

61. At all times relevant Jodi L. Hause, Esquire was an employee of Phelan Hallinan acting at its control and direction.

62. At all times relevant Phelan Hallinan was and is responsible for the conduct of Jodi L. Hause, Esquire under the doctrine of *respondeat superior*.

15

63. At all times relevant Ocwen and Phelan Hallinan were either Creditors or Debt Collectors within the meaning of the Pa Fair Credit Uniformity Extension Act.

64. Ocwen and Phellan Hallinan, by filing a proof of claim that ignores the default judgment entered in the 2015 Foreclosure are attempting to collect a debt in an amount they knew or should have knows was not owed and which their principal cannot collect, in violation of the FDCPA, the PA CPL and the Fair Credit extension Uniformity Law.

WHEREFORE, Plaintiff prays this court to:

a. Award Debtor statutory damages, pursuant to the FDCPA, 15 U.S.C. §1692k(a)(2)(A), against Ocwen and Phelan Hallinan each in the amount of $1,000.00 for filing a proof claim on behalf of its principal in its capacity as a debt collector in an amount which it knew to be unsupportable under applicable state and federal law and which ignored the judgment in mortgage foreclosure entered on the mortgage upon which the claim is based;

b. Grant the Debtor attorney's fees and costs pursuant to 15 U.S.C. §§1692k(a)(3);

c. Find that Ocwen and Phelan Hallinan have each violated the Fair Debt Collection Practices Act, and award Debtor actual damages to be determined at trial under 15 U.S.C. §1692k.

      d. Find the Ocwen and Phelan Hallinan to have each acted in an unfair and deceptive manner in filing a proof of claim for amounts in excess of the judgment in mortgage foreclosure and failing to refer at all in its proof of claim to the judgment in mortgage foreclosure and award actual damages and triple damages against Ocwen and Phelan Hallinan in the amount to be determined at trial plus reasonable fees and costs pursuant to 73 P.S. §201-9.2.

      e.  Award Plaintiff attorneys fees pursuant to 41 P.S. §§503 and 504 and pursuant to 15 U.S.C. §§ 1692k and 1693m and 73 P.S. §201-9.2;

      f.  Grant such other relief as may be necessary or proper under applicable law.

      Respectfully submitted,

      /s/ Irwin Trauss
      Irwin Trauss, Esquire
      PHILADELPHIA LEGAL ASSISTANCE CENTER
      718 Arch Street, Suite 300N
      Philadelphia, PA 19106
      (215)981-3811
      (215)981 3870(fax)
      itrauss@philalegal.org