**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

-----------------------------------------------------------------------------------------X

In re:   Geraldine Bernadin

              Debtor

In re:   Geraldine Bernadin

              Debtor

v.

U.S. Bank National Association as Trustee,
Successor in Interest Wachovia Bank
National Association, as Trustee for Merrill
Lynch Investors Trust, Mortgage Loan Asset
Backed Certificates, Series 2005-A6, *et al*

              Defendants

CHAPTER 13

BANKRUPTCY NO. 18-12717
(ELF)

  Adv. # 18-00281 (ELF)

-----------------------------------------------------------------------------------------X

## STIPULATION OF PARTIAL SETTLEMENT

**Subject to the approval of the Court, the Parties hereby stipulate and agree as follows:**

1.      Debtor, Geraldine Bernadin ("Debtor"), and Defendants, U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank National Association as Trustee for Merrill Lynch Investors Trust, Mortgage Loan Asset Backed Certificates, Series 2005-A6 ("U.S. Bank") and Ocwen Loan Servicing, LLC ("Ocwen") (U.S. Bank and Ocwen are collectively referred to as the "Defendants" and Debtor and Defendants are collectively referred to as the "Parties"), hereby submit this Stipulation of Partial Settlement.

2.      In consideration for the mutual agreements set forth herein and as set forth more fully in the Confidential Settlement and Release Agreement (the "Settlement Agreement") that the

140383.05727/123793519v.1

Parties executed, the Parties stipulate and agree to partially resolve this adversary proceeding and to preserve certain issues for appeal.

3.    On or about December 4, 2018, Debtor commenced the instant adversary proceeding by filing a Complaint against Defendants and Phelan Hallinan Diamond & Jones, LLP (the "Complaint). Dkt. No. 1.

4.    On or about October 24, 2019, this Court entered an Order that granted Defendants' Motion to Dismiss Debtor's Complaint in part and that denied said motion in part (the "Dismissal Order"). Dkt. No. 26.

5.    In the Dismissal Order, this Court dismissed Counts I and III of the Complaint with prejudice, dismissed a portion of Count II of the Complaint, and recommended that the United States District Court dismiss Count IV of the Complaint. Id.

6.    On or about December 20, 2019, this Court entered an Order granting Debtor's Motion to Reconsider and reinstating the Fair Debt Collection Practices Act ("FDCPA") claim that Bernadin asserted in Count IV of the Complaint. Dkt. No. 46.

7.    As a result, portions of Counts II and IV of the Complaint remain outstanding.

8.    In dismissing Count III of the Complaint, this Court dismissed Debtor's claim for relief under 11 U.S.C. §506(a) and (d) and rendered certain decisions on the inapplicability of 11 U.S.C. §1322(c)(2) to this proceeding.

9.    The Parties have reached an agreement to fully resolve Counts I, II and IV of the Complaint and which will obviate the need for an evidentiary trial on these issues or a subsequent appeal.

140383.05727/123793519v.1

10.     The Parties agree that any evidentiary record that needs to be created to resolve Debtor's claims under 11 U.S.C. §506(a) and (d) will need to be made only in the event that the Dismissal Order is reversed or vacated on appeal with respect to Count III of the Complaint.

11.     The Parties stipulate and agree that, for purposes of resolving this adversary proceeding, the Proof of Claim that U.S. Bank filed in the underlying bankruptcy proceeding shall be reduced from $192,536.07 to $178,118.39 (the "Reduced Allowed Proof of Claim").  The Reduced Allowable Proof of Claim is comprised of the following items:

| | |
|---|---|
| a. Judgment in mortgage foreclosure entered on June 16, 2015 in the amount of: | $161,968.16 |
| b. 1,042 days of post-judgment interest at 3.1684 % per annum accrued between the date of the judgment and the date of Debtor's bankruptcy petition: | $14,650.23 |
| c.  Allowable post judgment fees and costs | $1,500.00 |
| Total | $178,118.39 |

12.     The Reduced Allowed Proof of Claim is stipulated to by the Parties and shall constitute a final determination of Defendants' allowed claim subject only to Debtor's right to appeal this Court's dismissal of Count III of the Complaint.  The Parties agree that the extent to which the Reduced Allowed Proof of Claim is an allowed secured claim within the meaning of 11 U.S.C. §506(a) and the extent to which the lien securing the claim is void pursuant to 11 U.S.C. §506(d) are issues that are preserved for appeal and that this stipulation shall not preclude such appeal.

13.     The Parties' agreement as to the amount of the Reduced Allowed Proof of Claim constitutes a settlement and compromise of the issues set forth in Counts I and II of the Complaint, including, but not limited to, the Parties' dispute pertaining to the amount of post-petition legal fees and costs that U.S. Bank was entitled to include in its proof of claim.

140383.05727/123793519v.1

14.     This Court dismissed Count III of Debtor's Complaint, which sought a determination that pursuant to 11 U.S.C.§506(d), the mortgage lien that secures U.S. Bank's claim is void to the extent it secures a claim in excess of $45,000.00. Dkt. No. 26.

15.     This Court held that such a determination was precluded by 11 U.S.C. §1322(b)(2). Id.

16.     The Parties agree that Debtor's right to appeal this Court's dismissal of Count III to the United States District Court for the Eastern District of Pennsylvania is hereby preserved and that said appeal shall be based solely upon the record that was before this this Court at the time that it issued the Dismissal Order.

17.     The Parties have agreed to settle all of the claims that Debtor raised against Ocwen, including the FDCPA claim that Debtor asserted in Count IV of the Complaint.

18.     Defendants shall remit a payment to Debtor in in a confidential amount that is set forth in the Settlement Agreement (the "Settlement Payment") in exchange for Debtor's agreement to withdraw Counts I, II and IV of the Complaint with prejudice.

19.     While the amount of the Settlement Payment is confidential, the Parties will make the Settlement Agreement available to this Court and/or the trustee for an in-camera review if the Court or trustee so requests.

20.     The Parties agree that the Settlement Payment shall be remitted to Debtor within thirty (30) days of the latest of: (a) the Effective Date (as defined in the Settlement Agreement); or (b) the date upon which Philadelphia Legal Assistance delivers to Defendants' counsel a completed W-9 Form.

140383.05727/123793519v.1

21.     As set forth more fully in the Settlement Agreement, only Claim III, as described in Paragraph 16 above, shall be preserved for appeal with all other claims under the Complaint being settled and fully resolved.

22.     The entry on the docket in this action of an Order from this Court approving this stipulation shall constitute the entry of the judgment resolving this adversary proceeding as provided in Fed.R.Civ.P. 58, incorporated by Fed.R.Bankr.P. 7058, and shall begin the running of the fourteen-day period in which, pursuant to Fed.R.Bankr.P. 8002, Debtor must file any appeal from the final adverse determination on the applicability of 11 U.S.C. §506(a) and (d) to U.S. Bank's proof of claim.

Intending to be bound thereby, the Parties, by and through their respective attorneys, set their signatures below.


/s/ Thomas P. Cialino                         /s/ Irwin Trauss
Thomas P. Cialino                             Irwin Trauss
Blank Rome LLP                                Philadelphia Legal Assistance Center
130 N. 18th Street                            718 Arch Street, Suite 300N
Philadelphia, PA 19103                        Philadelphia, PA 19106
(215) 569-5500                                (215) 981-3811
TCialino@BlankRome.com                        itrauss@philalegal.org
*Counsel for Defendants*                      *Counsel for Debtor*

 Dated: September __, 2020

The Chapter 13 Standing Trustee has reviewed the foregoing stipulation and certifies he has no objection to it.

 /s/ LeRoy W. Etheridge, Esq._____   Date: September. _21_, 2020.
For William C. Miller, Esquire
Standing Chapter 13 Trustee


Dated:  September ____, 2020                   Approved by the Court.


                                              _____
                                              Hon. Eric L. Frank

5