IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re:   Geraldine Bernadin | : | CHAPTER 13 |
| Debtor | : | BANKRUPTCY NO. 18-12717 ELF |
| Geraldine Bernadin | : | |
| Plaintiff | : | |
| v. | : | ADVERSARY NO.  18-00281 |
| U.S. Bank National Association Trustee et al. | : | |
| Defendant | : | |

**APPELLANT'S STATEMENT OF ISSUES ON APPEAL; DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL; AND CERTIFICATE THAT APPELLANT IS NOT ORDERING A TRANSCRIPT**

Appellant Geraldine Bernadin, the Plaintiff in the above captioned adversary action and the Debtor in the underlying Bankruptcy, pursuant to F.R. B.P. 8009(a) files the following Statement of the Issues on Appeal and Designation of Items to be Included in Record on Appeal. Appellant also certifies that she is not ordering a transcript of any proceedings as the issues appealed were decided by the court on the briefs on a motion to dismiss and there was no evidentiary hearing.

**I. Statement of Issue on Appeal**

1. Whether the court below erred when it looked to the applicability of 11 U.S.C. §1322(b)(2) as the basis for refusing to determine "the value of [ Appellee's] interest in the estate's interest in" Debtor's home and to determine the extent to which Appellee's allowed claim was an "allowed secured claim" within the meaning of 11 U.S.C. §506(a) and was an "allowed unsecured claim" within the meaning of 11 U.S.C. §506(a)?

Suggested Answer: Yes. As indicated by the holding of the U.S. Supreme Court in *Nobleman* and the U.S. Court of Appeals in *McDonald*, the applicability of the anti-modification provision of 11 U.S.C. §1322(b)(2) is a confirmation issue -which does not preclude the determination of the secured and unsecured status of a claim and its bifurcation into its secured and unsecured components. See *Nobelman v. Am. Sav. Bank*, 508 U.S. 324, 328-29, 113 S. Ct. 2106, 2110, 124 L.Ed.2d 228, 234-35 (1993)("Petitioners [in anticipation of confirmation hearing] were correct in looking to §506(a)for a judicial valuation of the collateral to determine the status of the bank's secured claim. The portion of the bank's claim that exceeds $23,500 is an 'unsecured component' under 506(a)")(citations omitted); *McDonald v. Master Fin., Inc. (In re McDonald),* 205 F.3d 606, 609,610 (3d Cir. Pa. March 9, 2000). The court erred in refusing to determine the value of Appellee's interest and the status of its allowed claim.

2. If the applicability of 11 U.S.C. §1322(b) (2) was relevant to the court's ability to value Appellate's claim and to bifurcate the claim into its "allowed secured" and "allowed unsecured components", did the court err in failing hold that the claim held by Appellee, which was based on a judgment in mortgage foreclosure, was subject to the provisions of 11 U.S.C. §1322(c)(2) and was thus not subject to the anti-modification provision of §1322(b)(2)? *In re Winogora*, 209 B.R. at 635 (Bankr. D.N.J. 1997)(after judgment in foreclosure, claim covered by §1322(c)(2) ); *In re Nepil*, 206 B.R. at 77 and 74-77 (Bankr. D.N.J. 1997)(same); see *In re Eubanks,* 219 B.R. at 472-73*(*mortgage that falls within coverage of §1322(c)(2) subject to bifurcation and cramdown in accordance with 11 U.S.C. §1325(a)(5)(B)(ii) and 506(a)) ; *In re Young*, 199 B.R. at, 645(same); *Am. Gen. Fin., Inc. v. Paschen (In re Paschen)*, Cert. denied *Am. Gen. Fin., Inc. v. Paschen*, 2002 U.S. LEXIS 9401 (U.S. Dec. 16, 2002) 296 F.3d 1203, 1208 -

1209, (11th Cir. 2002)(same).

II. **Designation of items on appeal - after notice of appeal listed from most recent date to earliest date**

1. Docket entries kept by the clerk;

2. Notice of Appeal (Doc. #40 );

3. Order Approving Stipulation of Settlement (Doc. #67);

4. Answer to Complaint with Affirmative Defenses (Doc. #52);

5. Pretrial Order  (Doc. #47);

6. Order granting motion for reconsideration and vacating Order dismissing Count IV of Complaint (Doc. #46);

7. Memorandum granting motion for reconsideration (Doc. #45);

8. Objection of Plaintiff to Order dated October 24, 2019 (Doc. #39);

9. Motion to Reconsider Order dated October 24, 2019 (Doc.  #37);

10. Order Amending Memorandum to correct minor clerical errors (Doc.  #30);

11. **Order Dated October 24, 2019 Dismissing Count III of Plaintiff's Complaint (Doc. #26)**

12. Memorandum Opinion Dismissing Count III of Plaintiff's Complaint (Doc. #25);

13. Order Dismissing complaint as against Phelan Halinan Diamond and Jones with consent of Plaintiff (Doc.  #23);

14. Plaintiff Bernadin's Response to Motion to Dismiss filed by Ocwen and U.S. Bank (Doc. #20)

15. Motion to Dismiss Adversary Complaint filed by Ocwen and U.S. Bank (Doc. #12)

16. Adversary Complaint (Doc. 1);

17. Proof of Claim of U.S. Bank filed by Ocwen POC - 4-1 and Exhibits (Claim #4-1);

18. Claims Register.

**CERTIFICATE THAT APPELLANT WILL NOT BE ORDERING TRANSCRIPT**

Appellant certifies that she is not ordering a transcript of any proceedings as there was no evidentiary hearing and no relevant argument and she considers the transcript of no part of the proceedings to be necessary for the appeal.

    Respectfully Submitted,

    /s/ Irwin Trauss
    IRWIN TRAUSS
    Attorney for Debtor, Plaintiff, Appellant
    Philadelphia Legal Assistance
    718 Arch Street, Suite 300N
    Philadelphia, PA 19106
    215 437 2832 (cell)
    itrauss@philaegal.org